UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY SWAIN, | ) | CASE NO. 3:10-CV-2732 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE MCHARGH |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 12). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Wendy Swain's applications for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

I. INTRODUCTION & PROCEDURAL HISTORY

In December 2008, Wendy Swain ("Plaintiff" or "Swain") filed applications for a Period of Disability and Disability Insurance benefits and Supplemental Security Income benefits alleging that she became disabled on September 1, 2008, due to suffering from asthma, depression, broken toes on her left foot and sleep apnea.[1] (Tr. 126-32, 173). The Commissioner

---

[1] Plaintiff was previously granted a closed period of benefits from September 1, 2005 until May 1, 2008. (Tr. 43-61).

found that her date last insured for Disability Insurance benefits was September 30, 2008.[2] Swain's applications were denied initially and upon reconsideration. (Tr. 62-65). Afterwards, Plaintiff timely requested and was granted a hearing before Administrative Law Judge J. Alan Mackay (the "ALJ" or "ALJ Mackay"). (Tr. 88-93, 99-105).

On June 25, 2010, ALJ Mackay conducted a hearing via video wherein Plaintiff, represented by counsel, appeared and testified. (Tr. 24-42). ALJ Mackay presided over the hearing from Boston, Massachusetts, and Plaintiff appeared in Toledo, Ohio. (Tr. 9). Vocational Expert, Charles McBee (the "VE"), also appeared and testified at the proceeding. (Tr. 36-42). After reviewing the record of evidence before him, the ALJ issued a written decision denying Swain's applications for benefits. (Tr. 9-19).

Subsequently, Swain requested review of the ALJ's decision from the Social Security Appeals Council. (Tr. 122). However, on October 25, 2010, the council denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff, born on January 27, 1962, was forty-eight years old on the date of her hearing before ALJ Mackay, therefore deeming her a "younger person" for Social Security purposes. (Tr. 27-28); 20 C.F.R. §§ 404.1563(c), 416.963(c). Swain graduated from high school and has past experience working in the fast food and housekeeping industries. (Tr. 28, 37).

---

[2] Plaintiff contests this finding and the Court will address her argument later in its opinion.

II. ALJ's DECISION

After applying the five-step sequential analysis[3] to Plaintiff's application, ALJ Mackay determined that Swain was not disabled. (Tr. 9-19). Before proceeding through the analysis, ALJ Mackay held that Plaintiff's insured status ended on September 30, 2008. (Tr. 11). At step one of the sequential analysis, the ALJ ruled that Swain had not engaged in substantial gainful activity since September 1, 2008, her alleged disability onset date. *Id.* Next, at step two, ALJ Mackay determined that Plaintiff suffered from three severe impairments: 1) degenerative disc disease, 2) degenerative joint disease, and 3) anxiety. (Tr. 11-13). But, at step three, the ALJ found that none of these impairments, individually or in combination, met or equaled one of the enumerated listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-15). Before

---

[3] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

moving to step four, ALJ Mackay concluded that Swain retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. (Tr. 15-17). At step four, he held that Plaintiff was unable to return to her past work as a fast food worker or as a housekeeper because the exertional demands of those occupations exceeded Swain's physical capabilities. (Tr. 17). Notwithstanding, at step five, ALJ Mackay found that there were jobs existing in substantial numbers in the national economy which accommodated Swain's RFC. (Tr. 17-18).

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001)*; Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)*.* Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that

determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

Plaintiff challenges ALJ Mackay's disability denial on three grounds. First, Plaintiff argues that the ALJ incorrectly identified her date last insured. Second, Swain maintains that the ALJ failed to acknowledge all of her severe impairments at step two of the sequential evaluation analysis. Specifically, Plaintiff claims that the ALJ should have found her asthma, chronic obstructive pulmonary disease ("COPD") and bilateral carpal tunnel syndrome to be severe impairments. Third, Swain submits the ALJ erred by neglecting to find that her asthma or COPD met listing levels.

### A. Plaintiff's Date Last Insured

The ALJ found that Plaintiff's insured status ended on September 30, 2008. Swain criticized this finding arguing that she remained insured through June 30, 2011. However, Plaintiff's argument on this issue, encompassing three sentences, was not sufficiently developed to explain how the ALJ's determination was improper. As an initial point, the Court notes that there are documents in record supporting the date last insured set by the ALJ. *See* (Tr. 140, 161).

Nevertheless, it appears that the ALJ's decision was not dependent upon this finding and therefore, did not have any effect upon his ultimate ruling in his evaluation of Plaintiff's claim. As Defendant noted, the ALJ considered evidence dated after September 30, 2008. *See* (Tr. 12-14, 16-17). For example, ALJ Mackay repeatedly cited to medical records from 2009 and 2010 throughout his opinion. *Id*. Additionally, the ALJ implicitly acknowledged that he considered Plaintiff's disability status even after September 30, 2008, when in his opinion he ruled that Swain had "not been under a disability . . . through the date of [his] decision", July 12, 2010. (Tr. 18). Thus, the Court declines to disturb the ALJ's determination of when Plaintiff's insured status expired given Plaintiff's failure to present sufficient evidence showing that the ALJ's finding was clearly in error. Furthermore, even assuming that the ALJ's determination was flawed, the error was of no consequence as it did not influence the ALJ's decision, and consequently, does not support the need for remand. *See Odette v. Comm'r of Soc. Sec.*, No. 09-CV-11484, 2010 WL 2104300, at *9-10 (E.D.Mich. May 3, 2010), *report and recommendation adopted*, 2010 WL 2104234 (E.D.Mich. May 24, 2010).

### B. Plaintiff's Severe Impairments

Swain next argues that ALJ Mackay erred by failing to name certain of her ailments as severe impairments at step two of the sequential evaluation analysis. Plaintiff submits that the ALJ should have deemed her COPD, asthma and bilateral carpal tunnel syndrome to be severe impairments. Instead, the ALJ only labeled her degenerative disc and joint diseases and anxiety as severe.

In this circuit, the ALJ's ruling at step two of the sequential analysis is viewed as a "de minimis hurdle in the disability determination process[,]" *Childrey v. Chater*, 91 F.3d 143 (6th Cir. 1996) (Table) (*citing Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)), meaning that a

claimant's impairment will only be labeled as non-severe when it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work". *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (*citing Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984)).  This step in the process serves as a screening function, allowing an ALJ to eliminate groundless claims at an early stage in the analysis.  *Higgs,* 880 F.2d at 863.  To meet its burden at this step, a claimant must show she has an impairment which significantly limits her ability to perform one or more basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  However, an ALJ's failure to label one's condition as severe at step two does not constitute reversible error so long as the ALJ finds that the claimant has at least one other severe impairment and continues to evaluate both the claimant's severe and non-severe impairments during the remaining steps in the sequential analysis.  *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

Concerning Plaintiff's asthma and COPD, ALJ Mackay found that neither impairment would significantly limit Plaintiff's ability to perform work-related activities.  ALJ Mackay explained that Plaintiff's asthma was controlled with medication and noted that her medical records showed that she occasionally smoked marijuana. (Tr. 12).  Likewise, ALJ Mackay held that Plaintiff's COPD also responded well to treatment and that her number of asthma-related emergency room visits had decreased signifying better control of this condition.  (Tr. 13).  The ALJ also referred to three pulmonary function tests which showed varying results, noting that the results of one indicated that its findings were "likely related to differences in [Plaintiff's] effort." (Tr. 13) (*citing* Tr. 377).  Swain contends that the ALJ should have found these impairments to be severe based upon her testimony that she had a difficult time breathing and required the use of

a breathing machine several times a day.  Swain further argues that although her doctor labeled her asthma as "stable", the doctor explained that this "still mean[t] that she ha[d] active daily severe symptoms that require[d] chronic treatment."  (Tr. 408).

As previously noted, remand is not always required when an ALJ omits one of the claimant's impairments at step two of the sequential evaluation analysis.  Because the regulations require an ALJ to proceed with the remaining steps in the analysis after finding that the claimant suffers from even one impairment, remand is proper when the ALJ erroneously determines that the claimant does not suffer from any impairments and consequently declines to proceed with evaluating the claimant's impairments at the subsequent steps.  *Maziarz*, 837 F.2d 244.  But, the mere failure to name some other of the claimant's impairments as severe at step two, after finding that the person suffers from at least one severe impairment, does not justify remand where the ALJ considers the cumulative effect of the claimant's impairments (severe and non-severe) at later steps of the ALJ's evaluation.  *Nejat*, 359 F. App'x at 577.  Given the rule announced in *Maziarz* and *Nejat*, it is not necessary to extensively address Plaintiff's arguments with relation to the ALJ's failure to label her asthma or COPD as severe impairments.  A review of the ALJ's written decision reveals that despite omitting these impairments from his finding at step two, he continued to proceed with the remaining steps, considering both those impairments he deemed severe, and those which he found were not severe, including Swain's asthma and COPD.  *See* (Tr. 12-13, 16).

Even putting aside the *Maziarz* doctrine, the Court finds that the record supports the ALJ's ruling with regard to these two impairments.  The bulk of the evidence to which Plaintiff cites consists of her testimony regarding the impact these conditions had on her daily life.  Yet, ALJ Mackay rated Plaintiff's credibility as fair to poor and specifically commented that Plaintiff

exaggerated her symptoms.  Notably, Swain did not cite to any medical evidence supporting her statements.  Though she sought to clarify the meaning of her doctor's treatment note showing that her asthma and COPD were "stable", this clarification did not undermine ALJ Mackay's ruling.  As the Commissioner highlighted in its brief, the record is replete with notations from Plaintiff's physicians demonstrating that her symptoms showed improvement after treatment.  *See* (Def.'s Br. at 11, n. 3).  Additionally, Plaintiff has failed to identify any records from her physicians indicating that her condition inhibited her ability to work.  Thus, aside from Plaintiff's own testimony, she has not come forward with any objective evidence supporting her allegations that her asthma or COPD affected her ability to work.  Accordingly, the Court finds that the ALJ's decision on this issue is supported by the record.

Plaintiff's need to use a breathing machine does not affect the undersigned's decision.  Swain testified that she used a breathing machine six to seven times a day, and that each use took approximately 20 to 25 minutes to complete.  (Tr. 32).  She also testified that she used the machine at nighttime.  Based upon this testimony, Plaintiff's counsel posed a hypothetical question to the VE describing an individual with the same RFC as Swain, except adding that the person would need to use a breathing machine six times a day for 20 minute intervals.  (Tr. 40, 37).  In response, the VE answered that such an individual would not be able to maintain competitive employment.  (Tr. 40).

Swain now intimates that ALJ Mackay should have concluded that she was unable to work or at least should have found that these impairments were severe, based upon the VE's testimony.  Instead, the ALJ reasoned that Plaintiff's use of the breathing machine would not interfere with her ability to work.  (Tr. 16).  ALJ Mackay explained that the need to use the machine six to seven times in a 24-hour period would equate to using it roughly every three and

9

a half to four hours on average. *Id.* Given this calculation, the ALJ concluded that Plaintiff's need to use the machine would not interfere with her ability to complete a normal eight hour workday because her normal scheduled breaks would accommodate her needs. *Id.*

Despite the VE's response to counsel's hypothetical question, the ALJ was not compelled to base his ultimate ruling on this evidence. Counsel's hypothetical question was founded upon Plaintiff's subjective complaints. Swain did not provide the ALJ or this Court with objective medical evidence reflecting her need to use a breathing machine six times daily. Additionally, as previously mentioned, the ALJ discredited Plaintiff's testimony because he found that she exaggerated her symptoms. (Tr. 16). Therefore, the ALJ was free to totally disregard Plaintiff's allegations regarding her use of the machine. Because the ALJ would have been free to completely reject Plaintiff's unsubstantiated complaints, Plaintiff cannot now argue that it was erroneous for him to conclude that she only required the use of a breathing machine every three and a half to four hours. Just as an ALJ is not compelled to include Plaintiff's unsubstantiated complaints in a hypothetical question posed to a VE, *Blancha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990), ALJ Mackay was not required to accept the VE's response to the hypothetical question including such information, and neither was he obligated to accept Swain's unsupported claims regarding the number and length of her breathing machine usage. Thus, based upon his weighing of her credibility, he determined that even crediting her assertion that she used the machine six to seven times daily, such use would not be inconsistent with her ability to perform sedentary work. For the foregoing reasons, the Court finds that the record supports the ALJ's ruling.

Turning to Plaintiff's bilateral carpal tunnel syndrome, ALJ Mackay declined to enumerate this condition as a severe impairment finding that this malady could be fully corrected

through surgery. The ALJ acknowledged that Plaintiff had under gone physical therapy and injections in her wrists to manage this condition; however, the ALJ also acknowledged the treatment notes of Dr. Khin Tha, which stated that Swain would experience "complete relief" from these problems "if she ha[d] her carpal tunnel release surgery." (Tr. 13, 493). Plaintiff incorrectly argues that the ALJ's conclusion that this condition could be relieved through surgery was pure speculation. It is clear that the ALJ was relying upon Dr. Tha's statement, as demonstrated by his citation to Dr. Tha's treatment notes. Accordingly, the ALJ's finding is supported by the record.

### C. Listing Requirements For Asthma and COPD

The Social Security regulations recognize both asthma attacks and COPD as disabling conditions. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 3.02(A), 3.03(B). "In order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing. It is insufficient that a claimant comes close to meeting the requirements of a listed impairment." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (internal citations omitted). "An impairment that manifests only some of [the listing's] criteria, no matter how severely, does not qualify." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (*citing* SSR 83-19). Moreover, the claimant bears the burden of proof at this step in the analysis. *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 440 (6th Cir. 2011) ("The claimant has the burden of satisfying the first four steps.").

#### 1. Asthma Attacks

The Social Security regulations define asthma attacks as "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalation bronchodilator therapy in a

11

hospital, emergency room or equivalent setting." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00(C). In addition, the regulations mandate that the claimant's medical evidence "include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs.  For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction." *Id.*  The listing requirements for asthma attacks are set forth in the regulations as follows:

3.03 Asthma. With:

>    . . .
>
> B.    Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year.  Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03(B).

Swain argues that the ALJ should have found that she met the requirements of this listing. In furtherance of this argument, Plaintiff noted that she visited the emergency room six times for asthma attacks between September 2008 and August 2009.  But, Plaintiff's presentment to the emergency room on six occasions does not by itself satisfy the listing criteria.  Instead, the regulations also require her to show that she adhered to her prescribed treatment regimen and to provide spirometric results documenting her baseline airflow obstruction in between attacks. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00(C).  Swain failed to present the Court with evidence demonstrating that she satisfied both of these requirements.  Furthermore, the undersigned cannot ascertain where Plaintiff presented such to the ALJ either.  Consequently, Plaintiff failed to show that she satisfied all of the requirements for the listing.

As an aside, the Court notes that it would be inequitable to find that Plaintiff met this listing based solely upon the fact that she presented to the emergency room six times within one year. If this were the case, it would be very easy for a dishonest claimant to prove his/her entitlement to benefits by merely going to the emergency room and complaining of asthma symptoms six times a year, as individuals generally have unfettered access to emergency room facilities. To prevent such abuse, the regulations thus require a claimant to produce the additional evidence addressed above to substantiate his/her disabled status. This is not to say that Swain's visits to the hospital were fallacious, but, without further proof evidencing the remaining listing criteria the Court is unwilling to reverse the ALJ's ruling.

### 2. COPD

The listing for COPD states in pertinent part:

3.02  Chronic pulmonary insufficiency.

A.  Chronic obstructive pulmonary disease, due to any cause, with the $FEV_1$ equal to or less than the values specified in table I corresponding to the person's height without shoes.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02(A). Swain asserts that she meets the listing requirements for COPD. According to the figures appearing in Table I of the listing, a person of Plaintiff's height, 64.6 inches, would need to have a $FEV_1$ score equal to or less than 1.25 in order to be deemed disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02, Table I. Swain points to a laboratory test report illustrating that her $FEV_1$ level recorded at 1.15, and therefore argues that the ALJ should have found that she met the listing.

Swain presented this same argument to the ALJ. The ALJ ruled that the evidence did not conclusively establish that Plaintiff met Listing 3.02(A). In issuing this ruling, the ALJ noted that the copy of the test results included in the record was illegible, and that the report

summarizing the findings indicated that at least a portion of the results were likely skewed due to differences in Plaintiff's effort during the test.  (Tr. 14, 429, 377).   Because ALJ Mackay questioned the legibility of the document, Plaintiff argues that he had a duty to request a more clear copy of the report either from her counsel or her physician.[4]  However, regardless of whether the ALJ had a duty to seek a more legible copy of the record, Plaintiff has overlooked the fact that the ALJ discredited the test results on another independent ground.  ALJ Mackay specifically noted that he found the results to be insufficient because "the report summary itself call[ed] into question whether [Swain's] lack of effort contributed to the results."  (Tr. 14). Swain did not offer any argument to rebut this aspect of the ALJ's decision.  It is immaterial whether the ALJ should have sought another copy of the test results because the legibility of the document would not have changed the ALJ's consideration of her doctor's notation that the results were likely influenced by her effort level.  Therefore, any failure by the ALJ to request such did not negate the ALJ's independent basis for rejecting her $FEV_1$ test scores appearing in the report.  Thus, the ALJ's finding that Plaintiff did not meet Listing 3.02(A) is supported by substantial evidence.

---

[4] Plaintiff attached a more legible copy of the report to her brief submitted to the Court.  It is impermissible for the Court to consider this attachment in its review of the ALJ's decision.  The undersigned's review is based solely upon the body of evidence which was before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993) ("The court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence.") (*citing* Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 685 (6th Cir. 1992)).

## VI.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date:  December 27, 2011.